IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 20-CR-40047-JPG-1 |
| | ) | |
| JARED RICO CRAWFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

The United States of America by and through its attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Casey E. A. Bloodworth, Assistant United States Attorney for said District, and the defendant, Jared Rico Crawford, by and through his attorney, Adam Fein, hereby stipulate pursuant to §1B1.3 of the United States Sentencing Guidelines as follows:

1. During the time of the charged conspiracy, Jared Crawford (hereinafter, "defendant") was involved with and entered into agreements with numerous others in the acquisition and distribution of methamphetamine, in the form of methamphetamine hydrochloride and d-methamphetamine hydrochloride (ICE), in the Southern District of Illinois and elsewhere. Those persons that defendant was involved with included, but was not limited to: Flazon Peoples, Kevin Hodge, Ramonte Scott, Chad Sanders, and Cassandra Smith.

2. During the months of June and July, 2019, the United States Postal Inspection Service (USPIS) and the Federal Bureau of Investigation (FBI) began an investigation into the shipments of methamphetamine through the mail to the Harrisburg, Illinois area.

3. In June, 2019, agents discovered a USPS Priority Mail Express package in transport from La Mesa, California to Harrisburg, Illinois. Due to characteristics of the

1

packaging label, suspected fictitious names, the density of the contents, and the package originating from a known narcotics source area, agents employed a law enforcement narcotics-trained K-9 who gave a positive reaction for the presence of narcotics. A subsequent federal search warrant was obtained from the Eastern District of Missouri, and agents discovered approximately three pounds of methamphetamine.

4. In August, 2019, defendant agreed with, conspired with and assisted others with the acquisition of a USPS parcel of methamphetamine shipped from El Cajon, California to Harrisburg, Illinois. On or about August 12, 2019, United States Postal Inspection Service Agents discovered two packages set for delivery from El Cajon, California to Harrisburg, Illinois. Due to certain characteristics of those packages and a positive indication by a narcotics detection canine, a federal search warrant was issued for one of the packages. Upon execution of that search warrant, Agents discovered approximately 2339.13 grams of suspected methamphetamine hydrochloride inside. This substance was ultimately analyzed by the United States Postal Service Forensic Laboratory and found to contain **2228.4 grams** of 96% pure d-methamphetamine hydrochloride

5. On the same date, August 12, 2019, agents conducted surveillance of the area surrounding 106 E. Homer Ave., Harrisburg, Illinois, the intended destination for the delivery of the second package suspected of containing ice methamphetamine. During that surveillance, various law enforcement agents observed Flazon Peoples pick up that package from the front porch of 106 E. Homer Ave. and enter a vehicle being driven by Kevin Hodge. Flazon Peoples was directed to this location and package by Kevin Hodge. Kevin Hodge then drove the package to another location in Harrisburg, where the package was ultimately delivered to Ramonte Scott by Kevin Hodge.

6. Ramonte Scott, Flazon Peoples, and Kevin Hodge then utilized a hotel room at 411 East Poplar Street, Harrisburg, Illinois (the Economy Inn), to weigh and package the methamphetamine from this second USPS package for distribution. During this time, Kevin Hodge took approximately one-to-two pounds of methamphetamine from this package to a different location, ultimately intended for distribution by Jared Crawford.

7. Various law enforcement agents conducted surveillance of this hotel room and noted increased vehicular and pedestrian traffic. Ultimately, law enforcement agents identified an individual who purchased methamphetamine from this room. While agents were conducting surveillance, law enforcement sought and obtained a search warrant for this hotel room.

8. Upon execution of the search warrant for Room 202, Economy Inn, agents recovered the following:

   a. A large bag containing crystalline methamphetamine with a gross weight of 454.7 grams (FBI Item 1B1).
   b. A large bag containing crystalline methamphetamine with a gross weight of 456.6 grams (FBI Item 1B2).
   c. A large bag containing crystalline methamphetamine with a gross weight of 251.5 grams (FBI Item 1B3).
   d. Numerous plastic baggies consistent with the distribution of narcotics.
   e. Scales consistent with the distribution of narcotics.
   f. Packaging material consistent with the shipment of large quantities of narcotics, including heat seal bag and brown packaging tape.
   g. Cups containing methamphetamine residue which were used to weigh quantities of methamphetamine from bulk methamphetamine.

9. The methamphetamine recovered from this hotel room was ultimately analyzed by United States Postal Service Forensic Laboratory. That analysis showed that

the methamphetamine in FBI Items 1B1, 1B2 and 1B3 contained **1134.6 grams** of 97% pure d-methamphetamine hydrochloride.

10. The USPIS Forensic Laboratory also performed latent print processing and analysis of some of the items recovered from this hotel room. Forensic scientists identified Kevin Hodge's latent prints on one of the cups containing methamphetamine residue seized from the hotel room.

11. On January 22, 2020, a confidential source working under the direct supervision of law enforcement, met with Kevin Hodge and defendant concerning the acquisition of methamphetamine. On January 24, 2020, that same confidential source purchased **233.4 grams** of methamphetamine from Kevin Hodge (FBI Item 1B42). The DEA, through analysis, confirmed that this substance was 99% pure methamphetamine hydrochloride. Also, during this methamphetamine sale, Kevin Hodge provided approximately **49.6 grams** of a mixture or substance containing heroin to the confidential source (FBI Item 1B41). This heroin was provided by Kevin Hodge on consignment to the confidential source, on behalf of Jared Crawford. Kevin Hodge later obtained $3,400.00 from the confidential source as payment for the fronted heroin. Hodge obtained that money on behalf of defendant.

12. On January 26, 2020, Cassandra Smith flew to Las Vegas, Nevada to meet with defendant. Cassandra Smith was to drive a rental vehicle back to Harrisburg, Illinois, on behalf of defendant. When Cassandra Smith arrived in Las Vegas, defendant loaded this rental vehicle with a large amount of methamphetamine and fentanyl pills. Cassandra Smith then agreed to drive the vehicle and drugs back to Harrisburg for defendant.

13. On January 28, 2020, a Grand Junction, Colorado, Police Department officer conducted a traffic stop on the rental vehicle being driven by Cassandra Smith. During this traffic stop, law enforcement officers discovered the

methamphetamine and fentanyl pills being transported for defendant. The methamphetamine and fentanyl was ultimately analyzed by the DEA laboratory, and that analysis confirmed that the substance being transported by Smith for defendant was **7,515 grams** of 96% pure Methamphetamine Hydrochloride and **10.429 grams** of Fentanyl.

14. Defendant agrees that his relevant conduct includes a converted drug weight in excess of 90,000 KG (Level 38).

15. On January 29, 2020, FBI and other law enforcement agents executed a federal search warrant issued for defendant's Harrisburg residence. During the execution of that warrant, law enforcement agents recovered a CN ROMARM 5.45X39 caliber semi-automatic rifle from defendant's bedroom. At the time of defendant's possession of this rifle, he had been convicted of a felony offense punishable by a term of imprisonment of more than one year. Defendant, at the time of his possession of this rifle, knew he was a convicted felon. This rifle had been shipped or transported in interstate or foreign commerce prior to defendant's possession.

16. Harrisburg is in Saline County, Illinois, which is within the Southern District of Illinois.

17. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea. Accordingly, it does not set for all facts establishing defendant's guilt which could be presented at trial; nor does it contain all information known to defendant about this or other criminal activity.

//
//
//
//
//
//

(Continued on next page)

So stipulated this 17 day of November, 2022.

|  |  |
| --- | --- |
| _____ | RACHELLE AUD CROWE<br>United States Attorney |
| JARED RICO CRAWFORD<br>Defendant | _____<br>CASEY E. A. BLOODWORTH<br>Assistant United States Attorney |
| _____<br>ADAM FEIN<br>Attorney for Defendant |  |
| Date: 11/17/22 | Date: September 19, 2022 |